UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
**ROSS D. WALKER**,

                Plaintiff,

      – against –

**REAL LIFE CHURCH,**
**IDAHO LOTTERY COMMISSION**

                Defendants.
------------------------------------------------------------------ X
**ROSS D. WALKER and S.D.W.**,

                Plaintiffs,[1]

      – against –

**U.S. DEPARTMENT OF JUSTICE,**
**DEPARTMENT OF EDUCATION,**
**BETTER BUSINESS BUREAU,**

                Defendants.
------------------------------------------------------------------ X

**MEMORANDUM AND ORDER**

22-CV-4455 (AMD) (LB)

22-CV-4456 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

On July 27, 2022, the *pro se* plaintiff filed two actions. In the first action, *Ross D. Walker v. Real Life Church and Idaho Lottery Commission*, the plaintiff alleges that an unidentified person or entity "unlawfully intrudes his/her private affairs[,] discloses his/her private information[,] pub[l]icizes him in a false light" and "throw[s] keys at my head in church." (No. 22-CV-4455, ECF No. 1 at 5.) He seeks "1000 trillion dolla[r]s." (*Id.*, ECF No. 1 at 6.) In the second action, *Ross D. Walker and S.D.W. v. U.S. Department of Justice, the Department of Education, and the Better Business Bureau*, the plaintiff alleges, without

---

[1] The Court notes that the plaintiff cannot represent another person, including a minor child. *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."). Therefore, the Court will only address this action as solely pertaining to the *pro se* plaintiff and not to S.D.W., named in the caption of No. 22-CV-4456 (AMD) (LB).

attribution, "[d]istracting in college and high school and repeat classes and no accommodation[,] marginalizing my business license[,] code of conduct for United States Judges for All State!" (No. 22-CV-4456, ECF No. 1 at 5.) He seeks "100 trillion dolla[r]s 5 times." (*Id.*, ECF No. 1 at 6.) These actions are consolidated for the purpose of this order. The Court grants the plaintiff's applications to proceed *in forma pauperis*, but dismisses the complaints.

## STANDARD OF REVIEW

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The plaintiff is proceeding *pro se*, so I construe his complaints liberally, and evaluate them by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Nevertheless, I must dismiss *sua sponte* an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Even under the most liberal review, the Court cannot discern what any of the defendants did or failed to do and what legally cognizable harm the plaintiff has suffered. Instead, the Court finds that the plaintiff's claims are irrational and can be dismissed as factually frivolous. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless— that is, if they are fanciful, fantastic, or delusional.").

While *pro se* plaintiffs are ordinarily granted leave to amend if "the complaint gives any indication that a valid claim might be stated," *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)), leave to amend "may properly be denied if the amendment would be futile." *Grullon v. Cty. of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013). Since these complaints are devoid of any basis in law or fact, defects that cannot be cured by amendment, these frivolous actions are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**LITIGATION HISTORY**

In addition to these two cases, the plaintiff has filed twelve other cases in this Court. *See Walker v. Child Protective Servs.*, No. 22-CV-2132 (AMD) (LB) (transferred to the Eastern District of California); *Walker v. Brookdale Plaza*, No. 22-CV-2133 (AMD) (LB) (dismissed); *Walker v. TransUnion*, No. 22-CV-2246 (AMD) (LB) (dismissed); *Walker v. Jack in the Box*, No. 22-CV-2369 (AMD) (LB) (dismissed); *Walker v. Kings Cnty. Hosp.*, No. 22-CV-2370 (AMD) (LB) (dismissed); *Walker v. Carter*, No. 22-CV-2371 (AMD) (LB) (dismissed); *Walker*

*v. Tulare County*, No. 22-CV-2372 (AMD) (LB) (dismissed); *Walker v. CNN Studio Tours*, No. 22-CV-2716 (AMD) (LB) (dismissed); *Walker v. Amazon*, No. 22-CV-2717 (AMD) (LB) (dismissed); *Walker v. Robinhood Corp.*, No. 22-CV-2721 (AMD) (LB) (dismissed); *Walker v. United States District Court*, No. 22-CV-2791 (AMD) (LB) (dismissed); *Walker v. Wells Fargo Bank*, No. 22-CV-2792 (AMD) (LB) (dismissed).

On May 17, 2022, the Court cautioned the plaintiff that it would "not tolerate abuse of its judicial resources or frivolous litigation, and that he may be subject to a filing injunction in this district if he continues to file similar actions." (*See, e.g.*, No. 22-CV-2369, ECF No. 4 at 4.) The plaintiff did not heed this warning and filed new actions (*See* Nos. 22-CV-2716, 22-CV-2717, 22-CV-2721, 22-CV-2791, 22-CV-2792), which the Court dismissed. On May 20, 2022, the Court directed the plaintiff to show cause why he should not be enjoined from filing any new action seeking *in forma pauperis* status without first obtaining the Court's permission. (*See e.g.*, No. 22-CV-2716, ECF No. 4 at 6.) The plaintiff did not respond. On August 11, 2022, the Court issued a filing injunction (*See*, *e.g.*, Nos. 22-CV-2792 at 5, 22-CV-2791 at 5.)

## CONCLUSION

For the reasons set forth above, the complaints are dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment and to close these cases. The Clerk of Court is further directed to mail a copy of this order to the plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

    s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       August 15, 2022